UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID A. HANO, | Case No. 2:19-cv-02246-GMN-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, et.al., | |
| Defendant. | |

Before the Court is Plaintiff David Hano's Motion to Substitute A Named Defendant for An Unnamed Defendant and Seek Service of the Same.[1]  ECF No. 63.

On September 3, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis*, screened the operative First Amended Complaint (ECF No. 24), and permitted Plaintiff's federal and state deliberate indifference to serious medical needs claims to proceed against Defendants Associate Warden Jeremy Bean ("Bean"), Dr. Gregory Bryan ("Bryan"), John Faulkner ("Faulkner"), Cornelius Finley ("Finley"), Julie Matousek ("Matousek"), Michael Minev ("Minev"), Gary Piccinini ("Piccinini"), Arianna Rhynard ("Rhynard"), Jonathan Weber ("Weber"), Brian Williams ("Williams"), R.N. Mary ("Mary"), Nurse Jaymie ("Jaymie"), and Mathison.  ECF No. 23 at 22. The Court ordered the Attorney General to file a notice advising the Court and Plaintiff of (a) the names of the defendants for whom he accepts service; (b) the names of the defendants for whom he does not accept service; and, (c) the names of the defendants for whom he is filing the last-known-address information under seal. *Id*. at 23.

On October 8, 2020, the Attorney General accepted service on behalf of Defendants Bean, Bryan, Faulkner, Finley, Matousek, Minev, Piccinini, Rhynard, Weber, and Williams.  ECF No. 28 at 1.  The Attorney General did not accept service on behalf of Defendants Mary, Jaymie, and Mathison because Plaintiff did "not sufficiently identify these defendants in his First Amended Complaint." *Id*. at 2 (internal citation omitted).

---

[1] The Court has made typographical changes to the title of Plaintiff's Motion for the sake of clarity.

On January 6, 2021, the Clerk of Court entered a Notice of Intent to Dismiss Defendants Mary, Jaymie, and Mathison pursuant to Fed. R. Civ. P. 4(m). ECF No. 45. Five days later, Plaintiff filed his Notice of Good Cause for Failure to Provide Service and Request for Extension, indicating that he could not serve these Defendants because he "lacks enough detail to provide service"; to that end, Plaintiff sought "discovery in order to uncover the full identities of these defendants." ECF No. 47 at 1.

On January 19, 2021, the Court entered the Scheduling Order in this matter. ECF No. 48. The Court issued its Scheduling Order in part to permit "Plaintiff … to ask the served Defendants, through written interrogatories for last names and, if known, last known addresses for each of the individuals Plaintiff has not yet sufficiently identified for purposes of service. This will then allow Plaintiff to substitute the named individuals for Doe defendants and seek service of the same." *Id*. at 3. The Court also granted Plaintiff leave to file a motion seeking permission to serve Defendants Mary, Jaymie, and Mathison no later than March 31, 2021. *Id*. at 6.

Plaintiff's present Motion indicates that he has sufficiently identified Jaymie as "Jaymie Carbrera," and he now seeks service of process on this Defendant. ECF No. 63 at 2.

IT IS HEREBY ORDERED that Plaintiff's Motion to Substitute A Named Defendant for An Unnamed Defendant and Seek Service of the Same (*id*.) is GRANTED.

IT IS FURTHER ORDERED that, within **fourteen (14) court days** after the date of this Order, the Attorney General shall file a notice advising the Court and Plaintiff whether he shall or shall not accept service on behalf of Defendant Jaymie Carbrera. If the Attorney General cannot accept service on behalf of this Defendant, the Attorney General shall file, under seal, but shall not serve the inmate Plaintiff the last known address of this Defendant for whom he has such information. If the last known address of this Defendant is a post office box, the Attorney General shall attempt to obtain and provide the last known physical address(es).

IT IS FURTHER ORDERED that if service cannot be accepted for Defendant Jaymie Carbrera, Plaintiff shall file a motion identifying this unserved Defendant, request issuance of a

summons, and specify a full name and address for this Defendant. Plaintiff shall provide the full name and address for this Defendant if the Attorney General does not provide last-known-address information for the same.

IT IS FURTHER ORDERED that if the Attorney General accepts service of process for Defendant Jaymie Carbrera, this Defendant shall file and serve an answer or other response to Plaintiff's First Amended Complaint (ECF No. 24) within **sixty (60) court days** after the date of this Order.

IT IS FURTHER ORDERED that, henceforth, Plaintiff shall serve upon Defendant Jaymie Carbrera or, if an appearance has been entered by counsel, upon his or her attorney, a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to this Defendant or counsel for this Defendant. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a District Judge or Magistrate Judge which has not been filed with the Clerk, and any document received by a District Judge, Magistrate Judge, or the Clerk which fails to indicate a certificate showing proper service.

DATED THIS 8th day of March, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE