UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DAVID A. HANO,

    Plaintiff

v.

STATE OF NEVADA, *et al*.,

    Defendants.

Case No. 2:19-cv-02246-GMN-EJY

**ORDER**

Pending before the Court is Plaintiff's Motion Seeking Permission to Add a Supplemental Claim to this Action Pursuant to Rule 15(d) F.R.C.P. ECF No. 62. No opposition to this Motion was filed by Defendants.

**II.     DISCUSSION**

Rule 15(d) of the Federal Rules of Civil Procedure permits Plaintiff to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented" on motion and reasonable notice. The goal of FRCP 15(d) is to promote judicial efficiency. *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). While courts "favor" supplemental pleading, *id*. at 473, Plaintiff cannot use Rule 15(d) to introduce a "separate, distinct and new cause of action." *Berssenbrugge v. Luce Mfg. Co*, 30 F. Supp. 101, 102 (D. Mo.1939); *see also* § 1509 Supplemental Pleadings—Time of Filing; Responsive Pleading, 6A Fed. Prac. & Proc. Civ. § 1509 (3d ed.) (noting that a court may deny leave to supplement "when the matters alleged in the supplemental pleading could be the subject of a separate action.").

The factors the Court evaluated to determine whether to grant a motion to supplement are the same as those considered when the Court is presented with a motion to amend a complaint. *Lyon v. U.S. Immigration & Customs Enf't*, 308 F.R.D. 203, 214 (N.D. Cal. 2015). Thus, the five factors most commonly used in evaluating a motion to supplement are: "(1) undue delay, (2) bad faith or dilatory motive on the part of the movant, (3) repeated failure of previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment." *Id*. Among the factors, prejudice to the opposing party carries the greatest weight. *Id*.

The Court notes that Local Rule 7-2(d) states, in pertinent part, that "The failure of an opposing party to file points and authorities in response to any motion, …, constitutes a consent to the granting of the motion." Here, although no opposition to Plaintiff's Motion was filed by Defendants, Plaintiff fails to identify the facts and/or claims he seeks to add to his operative First Amended Complaint. Therefore, the Court cannot determine if the supplementation requested properly falls within Rule 15(d).

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion Seeking Permission to Add a Supplemental Claim to this Action Pursuant to Rule 15(d) F.R.C.P. (ECF No. 62) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff may file a Renewed Motion to Supplement his First Amended Complaint but **must** do so no later than **May 25, 2021**.

IT IS FURTHER ORDERED that if Plaintiff's chooses to Refile his Motion to Supplement his First Amended Complaint, Plaintiff must attach a copy of the Supplemented First Amended Complaint to his Motion and identify in his Motion all those paragraphs or portions thereof in his First Amended Complaint that he supplemented.

Plaintiff is advised to review Rule 8(a) of the Federal Rules of Civil Procedure, which requires Plaintiff to state, as he has successfully done in his First Amended Complaint, a short plain statement of his claims demonstrating that if he is successful in proving his claims he would be entitled to relief. Every fact in support of a cause of action need not be stated in a complaint.

DATED this 26th day of April, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE