UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

DAVID A. HANO,

Plaintiff,

v.

STATE OF NEVADA, *et al.*,

Defendants.

Case No. 2:19-cv-02246-GMN-EJY

**REPORT AND RECOMMENDATION**

RE: ECF No. 95
Motion to Dismiss Defendant
Jaymie Cabrera

Pending before the Court is Defendants' Motion to Dismiss Defendant Jaymie Cabrera. ECF No. 95. Defendants' Motion was filed on May 6, 2021. The response to Defendant's Motion was due on May 20, 2021. As of the date of this Order, no response was filed.

**I. Discussion**

A. Plaintiff Failed to Oppose Defendants' Motion.

A district court may dismiss a claim for failure to follow the local rules. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.1995) (upholding dismissal for failure to file opposition to motion to dismiss). United States District Court for the District of Nevada Local Rule 7-2(d) states, in pertinent part, that: "The failure of an opposing party to file points and authorities in response to any motion … constitutes a consent to the granting of the motion." Plaintiff has not opposed Defendants' Motion to Dismiss Defendant Cabrera. On this basis alone, the Court recommends granting Defendants' Motion.

B. Dismissal Under Fed. R. Civ. P. 12(b)(6).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Federal Rule of Civil Procedure 8(a)(2) "requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quote marks omitted). In considering a motion to dismiss, all allegations of

material fact must be accepted as true and construed in the light most favorable to the plaintiff. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–338 (9th Cir. 1996) (citations omitted). However, if a complaint fails to state a plausible claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). A review of Defendants' Motion to Dismiss Nurse Cabrera demonstrates Plaintiff's Eighth Amendment medical, deliberate indifference claim should be dismissed, but with leave to amend.

*1. Plaintiff's allegations are insufficient to plead an Eighth Amendment deliberate indifference claim against Nurse Cabrera.*

A claim of "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). However, as very recently explained by the Ninth Circuit in *Edmo v. Corizon, Inc.*, 949 F.3d 489, 495 (9th Cir. 2020):

> We have stated that a deliberately indifferent state of mind may be inferred when the course of treatment the doctors chose was medically unacceptable under the circumstances and "they chose this course in conscious disregard of an excessive risk to plaintiff's health. … Yet even most objectively unreasonable medical care is not deliberately indifferent. [M]ere indifference, negligence, or medical malpractice is not enough to constitute deliberate indifference. … Even gross negligence is insufficient to establish deliberate indifference ... . Likewise, [a] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference.

(Internal quote marks and citations omitted). Thus, to state an Eighth Amendment violation against Nurse Cabrera, Plaintiff "must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). Deliberate indifference at the very least requires that a prison official be conscious of an excessive risk to a prisoner's health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment

... unless the official knows of and disregards an excessive risk of health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Here, Plaintiff's allegations regarding Nurse Cabrera fail to plead that she knew of and disregarded a substantial risk of serious harm to Plaintiff. Nurse Cabrera who, as pleaded, interacted with Plaintiff on one occasion only, told Plaintiff she was aware of his medical history, that he was receiving a low dose of medication, missing a few doses would not harm him, and that his medication would be available by the end of the week. ECF No. 24 at 8. Plaintiff admits he received his medication two days later. *Id*. Plaintiff alleges no harm suffered in the two day period between speaking with Nurse Cabrera and receiving his medication. Plaintiff also does not allege any further involvement of Nurse Cabrera in any treatment he received.

The Court finds that the facts alleged are insufficient to plead deliberate indifference by Nurse Cabrera. Indeed, even if Nurse Cabrera's comments constitute objectively unreasonable medical care, negligence or gross negligence, the allegations do not plead a conscious disregard of an excessive risk to Plaintiff's health by this defendant. In fact, Plaintiff's pleadings established that Nurse Cabrera, even if wrong, did not believe missing a few days of the medication Plaintiff was seeking would harm him. Plaintiff's allegations do not establish that Nurse Cabrera was aware of a substantial risk to Plaintiff's health by virtue of her medical decision and did not infer such a risk from the delayed medication. Thus, as presently pleaded, Plaintiff's First Amended Complaint fails to state an Eighth Amendment medical deliberate indifference claim against Nurse Cabrera.

*2. Plaintiff fails to plead facts sufficient to overcome qualified immunity.*

Defendants also assert qualified immunity as a basis to dismiss Plaintiff's claim against Nurse Cabrera. ECF No. 95 at 6-8. After citing the standard for qualified immunity, Defendants states that Plaintiff "has alleged no pertinent facts against Nurse Cabrera and even acknowledged she informed … [him] that his medication would be promptly delivered." *Id*. at 7. Defendants then conclude that Nurse Cabrera "took reasonable action in her position as a nurse at HDSP." *Id*. at 7-8. Based on these arguments, Defendants contend that Plaintiff's allegations are insufficient to establish a constitutional violation "or demonstrate that every reasonable prison official would have

understood that what Nurse Jayme did would violate … [Plaintiff's] rights" thereby entitling Nurse Cabrera "to the protections of qualified immunity." *Id*. at 8.

In a May 24, 2021 decision by the U.S. District Court of Nevada, the Court stated:

> "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)). "Because the focus is on whether the officer had fair notice that her conduct was unlawful, reasonableness is judged against the backdrop of the law at the time of the conduct." *Id.* (citation omitted).

*Montoya v. Bass et al.*, Case No. 2:20-cv-1003-GMN-VCF, 2021 WL 2092988, at *6 (D. Nev. May 24, 2021). Here, Plaintiff does not plead that Nurse Cabrera's conduct, objectively and subjectively, was such that it resulted in a deprivation serious enough to constitute cruel and unusual punishment. *Snow*, *supra*, 681 F.3d at 985. As stated above, Nurse Cabrera's message that Plaintiff was receiving a low dose of medication that would be, and was, available quickly, and that it "wouldn't hurt Plaintiff to miss a few doses," does not plead sufficient facts to constitute deliberate indifference. Plaintiff does not plead that Nurse Cabrera knew (or should have known) that missing doses of medication could result in significant injury to Plaintiff. Indeed, he pleads the contrary. ECF No. 24 at 8. Thus, in sum, Plaintiff does not plead facts that demonstrate Nurse Cabrera—an official with HDSP—violated a clearly established constitutional right of which a reasonable person would have known. Thus, as presently pleaded, Nurse Cabrera would be entitled to qualified immunity.

*3. Plaintiff should be granted leave to amend.*

The totality of Plaintiff's First Amended Complaint suggests that it is not futile to provide Plaintiff one additional opportunity to amend his First Amended Complaint to include a claim against Jayme Cabrera so long as Plaintiff believes he can allege sufficient facts that will fix the deficiencies identified. The pleadings, in whole, establish a course of conduct that *may* allow Plaintiff to plead such facts and establish an Eighth Amendment claim against Nurse Cabrera.

## II. RECOMMENDATION

Accordingly, for the reasons set forth above, the Court recommends:

1. That Defendants' Motion to Dismiss Defendant Jaymie Cabrera (ECF No. 95) be GRANTED for the reasons stated in the body of this Recommendation;

2. Plaintiff be granted leave to file a Second Amended Complaint that includes sufficient facts to state an Eighth Amendment deliberate indifference claim against Jaymie Cabrera if Plaintiff believes he can correct the deficiencies in his pleading identified above;

3. Plaintiff's Second Amended Complaint, if filed, may be filed no later than 30 days after the Court adopts this recommendation;

4. Plaintiff be advised that the Second Amended Complaint must be a complete document in and of itself and will supersede the First Amended Complaint in its entirety. All allegations, parties or requests for relief from prior papers that do not appear in the Second Amended Complaint will no longer be before the Court; and,

5. Plaintiff be required to clearly title the second amended complaint as such by placing the words "Second Amended Complaint" on page 1 in the caption, and Plaintiff be required to place the case number 2:19–cv–02246–GMN–EJY above the words "Second Amended Complaint."

Dated this 27th day of May, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).