# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID HANO,                         )
                                    )
           Plaintiff,               )   Case No.: 2:19-cv-02246-GMN-EJY
    vs.                             )
                                    )   **ORDER**
STATE OF NEVADA, *et al.*,          )
                                    )
           Defendants.              )
_____)

Pending before the Court is Plaintiff David Hano's ("Plaintiff's") Motion for Judicial Notice and Request for Sanctions, (ECF No. 31). Defendants Jeremy Bean, Gregory Bryan, John Faulkner, Cornelius Finley, Julie Matousek, Michael Minev, Gary Piccinini, Arianna Rhynard, Jonathan Weber, and Brian Williams (collectively, "Defendants") filed a Response, (ECF No. 32), and Plaintiff did not file a Reply.

Also pending before the Court is Plaintiff's Motion Seeking Contempt, (ECF No. 52). Defendants filed a Response, (ECF No. 56), and Plaintiff filed a Reply, (ECF No. 59).

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Judicial Notice and Request for Sanctions and **DENIES** Plaintiff's Motion Seeking Contempt.

**I.  DISCUSSION**

**A. Plaintiff's Motion for Judicial Notice and Request for Sanctions**

In his Motion for Judicial Notice and Request for Sanctions, Plaintiff asks the Court to consider his late-filed Reply to his Motion for Preliminary Injunction. (*See* Mot. Judicial Notice ("Mot. Jud. Not.") at 3, ECF No. 31); (Prelim. Inj., ECF No. 8). Plaintiff explains that he attempted to timely submit his Reply, but the law library at High Desert State Prison ("HDSP") failed to electronically file it. (Mot. Jud. Not. at 2). However, the Court has already ruled on

Plaintiff's Motion for Preliminary Injunction, granting it in part and denying it in part. (*See* Order, ECF No. 34).  Accordingly, the Court denies the present Motion as moot to the extent that it requests the Court to consider Plaintiff's Reply.

Plaintiff's Motion for Judicial Notice and Request for Sanctions also asks the Court to sanction Defendants for failing to timely electronically file his Reply. (Mot. Jud. Not. at 3). However, Plaintiff's Complaint names numerous Defendants and he has not identified which, if any, of them are responsible for the HDSP law library's failure to file his Reply.  In fact, none of the named Defendant's hold an HDSP law library position, and there is no evidence that any particular Defendant is responsible for electronically filing court documents.  As such, the Court also denies Plaintiff's Motion to the extent that it requests sanctions.

**B.  Plaintiffs' Motion Seeking Contempt**

In his Motion Seeking Contempt, Plaintiff requests that the Court hold Defendants in contempt for failing to follow the Court's order to provide Plaintiff with his nitroglycerin prescription within one week of a refill request. (*See* Mot. Seeking Contempt ("Mot. Contempt") at 2, ECF No. 52); (Order 10:7–8, ECF No. 34).  Plaintiff asserts that he submitted a nitroglycerin refill request on January 14, 2021. (Mot. Contempt at 2).  Plaintiff claims he received a bottle of nitroglycerin from the infirmary floor stock on January 23, 2021 after experiencing severe chest pains, but his actual prescription was still not filled by January 24, 2021. (*Id.* at 4–5).  In response, Defendants argue that Plaintiff received nitroglycerin refills on January 23, 2021, and January 28, 2021, Plaintiff's prescription is on automatic refill, and Plaintiff has been scheduled for a doctor's visit because his nitroglycerin use is abnormally frequent. (Resp. 3:2–4:7, ECF No. 56).

Under Federal Rule of Civil Procedure 70(e), the Court may hold a disobedient party in contempt.[1]  A district court has the inherent power to enforce its orders through civil contempt. *See Shillitani v. United States*, 384 U.S. 364, 370 (1966).  "Civil contempt . . . consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  "The contempt must be proved by clear and convincing evidence." *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir. 1982).  "There is no good faith exception to the requirement of obedience to a court order.  But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *In re Dual–Deck*, 10 F.3d at 695.

In the present case, the Court finds that Defendants violated its order because, by their own admission, Defendants did not provide Plaintiff with his nitroglycerin prescription within one week of a refill request.[2]  Nonetheless, the Court declines to hold Defendants in contempt at this time because Defendants did not fail "to take all reasonable steps within the [their] power to comply." *In re Dual–Deck Video*, 10 F.3d at 695.  Defendants explain that Plaintiff has been going through his nitroglycerin prescription faster than anticipated, which may not be medically advisable. (*See* Tamban Decl.¶¶ 6–8, 15, Ex. A. to Resp., ECF No. 56-1); (Fox Decl. ¶¶ 12 –15, Ex. B to Resp., ECF No. 56-2).  To account for Plaintiff's abnormal pattern of nitroglycerin use, Defendants have placed his prescription on automatic refill and scheduled a doctor's visit to advise him of the safe use of his medication and the best course of action for managing his health conditions going forward. (Resp. 3:7–4:7).  Therefore, the Court is

---

[1] Plaintiff's Motion asks the Court to hold Defendants in contempt under Fed. R. Civ. P. 70(a). (*See* Mot. Contempt at 1, ECF No. 52).  However, because Fed. R. Civ. P. 70(a) does not authorize a district court to hold a disobedient party in contempt, the Court construes Plaintiff's motion as invoking Fed. R. Civ. P. 70(e).

[2] Plaintiff asserts that he submitted a refill request on January 14, 2021. (Mot. Contempt at 2).  Defendants state that Plaintiff received his medication on January 23, 2021, which is over a week after Plaintiff made the refill request. (*See* Resp. 3:2–4, ECF No. 56).

currently satisfied that Defendants are taking reasonable steps to comply with the Court's order. However, the Court cautions Defendants that future sanctions or contempt orders are not precluded if they again fail to comply with the Court's order.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judicial Notice and Request for Sanctions, (ECF No. 31), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Seeking Contempt, (ECF No. 52), is **DENIED without prejudice**.

**DATED** this __24__ day of August, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT