UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID HANO, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cv-02246-GMN-EJY |
| vs. ) | |
| ) | **ORDER** |
| STATE OF NEVADA, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiff David Hano's Emergency Motion for Preliminary Injunction, (ECF No. 130).  Defendants Jeremy Bean, Gregory Bryan, John Faulkner, Cornelius Finley, Julie Matousek, Mary Manalastas, Michael Minev, Gary Piccinini, Arianna Rhynard, Jonathan Weber, and Bryan Williams (collectively, "Defendants") filed a Response, (ECF No. 132), and Plaintiff filed a Reply, (ECF No. 42).

For the reasons discussed below, the Court **DENIES without prejudice** Plaintiff's Emergency Motion for Preliminary Injunction.

**I.    DISCUSSION**

This case arises from Defendants' failure to timely provide Plaintiff with his prescription heart medication[1] while Plaintiff remains incarcerated at High Desert State Prison ("HDSP").

---

[1] After suffering a heart attack in January 18, 2018, Plaintiff was prescribed amiodarone, aspirin, atorvastatin, carvedilol, isosorbide mononitrate, lisinopril, spironolactone, and ticagrelor. (Med. Records 52, Ex. 3 to Suppl. Resp, ECF No. 29-3).  Plaintiff returned to the hospital five days later, also presenting with severe chest pains, and he was additionally prescribed clopidogrel and nitroglycerin. ((*Id.* at 38–40).  Discharge papers from Plaintiff's hospital visit on November 19, 2020, prescribed nitroglycerin, tamsulosin, docusate, spironolactone, aspirin, carvedilol, clopidogrel, finasteride, isosorbide mononitrate, lisinopril, omega-3 polyunsaturated fatty acids, simvastatin, and indomethacin. (Discharge Papers, Ex. 1 to Reply, ECF No. 42).  Medical Records from Centennial Hills Hospital Medical Center on April 3, 2021, report that Plaintiff is prescribed fish oil, isosorbide mononitrate, lisinopril, pantoprazole, spironolactone, tamsulosin, acetaminophen, hydralazine, hydrocodone,

(*See generally* Mot. Prelim. Inj. ("P.I."), ECF No. 130). There is no doubt that Plaintiff experiences delays in receiving his medication; the record in this case is flush with numerous grievances submitted by Plaintiff concerning his various medications and the days, or sometimes weeks, that elapse between the refill request and his receipt of the medication. (*See generally* Grievances, Ex. 2 to Prelim. Inj., ECF No. 36-2). For this reason, the Court previously ordered Defendants to provide one of Plaintiff's prescriptions (nitroglycerin) within one week of a refill request.² (*See* Order 5:5–10:3, ECF No. 34).

However, Defendants recently explained that Plaintiff has been using his nitroglycerin prescription faster than anticipated, which may not be medically advisable. (*See* Tamban Decl. ¶¶ 6–8, 15, Ex. A. to Resp. Mot. Sanctions, ECF No. 56-1); (Fox Decl. ¶¶ 12–15, Ex. B to Resp. Mot. Sanctions, ECF No. 56-2).³ To account for this, Plaintiff attended a cardiology consultation on April 1, 2021, where he was prescribed Ranexa. (Mot. Prelim. Inj. 6:24–7:9); (Medical Records at 28 of 29, Ex. A to Mot. Prelim. Inj., ECF No. 130). Plaintiff states that the Ranexa prescription will "help with the excessive use of [his] prescription nitroglycerin and should keep [him] out of the hospital." (Mot. Prelim. Inj. 7:6–9).

---

indomethacin, morphine, nitroglycerin, ondansetron, and zolpidem. (Med. Records at 29 of 29, Ex. A to Mot. Prelim. Inj., ECF No. 130).

² Plaintiff is prescribed nitroglycerin for use at the first sign of an angina attack to relieve chest pain. Without access to nitroglycerin, Plaintiff's angina attacks create chest pain so severe that he is hospitalized. (*See* First Am. Compl. ¶ 24, ECF No. 24); (Med. Records at 8, 81, Ex. 1 to Suppl. Resp., ECF No. 29-1); (Med. Records at 100, 126, Ex. 2 to Suppl. Resp, ECF No. 29-2); (Med. Records at 14, 38, Ex. 3 to Suppl. Resp). (*See generally* Mot. Prelim. Inj., ECF No. 8).

³ Plaintiff's record of nitroglycerin refill requests reflects a pattern of daily nitroglycerin usage, but daily angina attacks are uncommon. (*See* Tamban Decl. ¶¶ 7–15, Ex. A to Resp. Mot. Sanctions, ECF No. 56-1); (Fox Decl. ¶¶ 12–15, Ex. B to Resp. Mot. Sanctions, ECF No. 56-2).

In the present Motion, Plaintiff claims that as of September 2, 2021, he had not received his prescription Ranexa, and asks the Court to order Defendants to provide him with it.[4] However, Defendants explain, and Plaintiff has now confirmed, that Plaintiff received a 30-day supply of ranolazine[5] on September 13, 2021. (Resp. 3:4–9, ECF No. 132);[6] (Reply 3:26–4:7, ECF No. 137); (Prescription Label, Ex. A to Reply, ECF No. 137).  Accordingly, the Court denies Plaintiff's current Motion for Preliminary Injunction as moot because Plaintiff has already received the requested relief.  Nonetheless, the Court denies Plaintiff's Motion without prejudice, and with leave to refile, should Plaintiff continue experiencing issues with obtaining his prescription medications.

//
//
//
//
//
//
//
//

---

[4] In his Reply, Plaintiff also requests that the Court order Defendants to increase his carvedilol prescription from 3.125 mg to 6.125 mg. (Reply 5:2–6, ECF no. 137).  However, Plaintiff does not request this relief in his original Motion, and so the Court will not consider it at this time.

[5] Ranolazine is the generic-brand prescription for Ranexa.

[6] To support their claim that Plaintiff received his prescription Ranexa, Defendants cite to "Exhibit A." (Resp. 2:9, ECF No. 132).  Exhibit A includes over 500 pages of medical records, but Defendants failed to provide a single pincite, meaning that the Court could not confirm that Plaintiff actually obtained his medication.  Luckily for Defendants, Plaintiff himself confirmed that he received the prescription.  However, Defendants may not be so lucky in the future; the Court advises Defendants to provide page numbers when citing to voluminous records. *See also* Local R. IA 7-3(e) ("references to exhibits or attachments to documents must include citations to the specific pages being referenced").

## II. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion for Preliminary Injunction, (ECF No. 130), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Seal, (ECF No. 133), is **GRANTED**.[7]

**DATED** this __20__ day of October, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court

---

[7] Defendants move to seal Exhibit A, which contains Plaintiff's confidential medical records. Accordingly, the Court finds good cause to seal the record. *See, e.g.*, *Johnson v. Tambe*, No. 19-141-TSZ-MLP, 2019 WL 4014256, at *2 (W.D. Wash. Aug. 26, 2019) (finding the plaintiff's "privacy interest in his own medical records to be a sufficiently compelling reason to seal the medical records themselves").