UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID A. HANO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA, ex rel NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　Defendants. | Case No. 2:19-cv-02246-GMN-EJY<br><br>**ORDER** |

　　　　Before the Court is Defendants' Motion for Leave to File Exhibit A to Defendants' Response to Plaintiff's Emergency Motion for Preliminary Injunction (ECF No. 144) Under Seal. ECF No. 150.

　　　　As the party seeking to seal a judicial record, Defendants must meet their burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). "Many courts have applied the compelling reasons standard to . . . temporary restraining orders" and motions seeking preliminary injunctive relief. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 n.2 (9th Cir. 2016) (collecting cases); *see also Selling Source, LLC v. Red River Ventures, LLC*, Case No. 2:09-cv-01491-JCM-GWF, 2011 WL 1630338, at *5 (finding requests for preliminary injunctive relief should be treated as dispositive motions for purposes of sealing court records) (D. Nev. Apr. 29, 2011).

　　　　Compelling reasons for maintaining secrecy of records filed with the Court requires demonstration that the publicly filed document has the potential to become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Importantly, medical privacy also meets the compelling reason standard. *See, e.g.*, *San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL89931, at *n. 1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL4715793, at *1-2 (D.HI. Nov. 15, 2010); *G. v.*

1 *Hawaii*, 2010 WL 267483, at *1-2 (D. HI. June 25, 2010); *Wilkins v. Ahern*, 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. Tri West Healthcare Alliance Corp.*, 2009 WL 1212170, at *1 (D. Ariz. May 4, 2009).

The Court considered Defendants' Motion and the document sought to be sealed. The Court finds Exhibit A is properly sealed as it contains private medical information about Plaintiff.

IT IS HEREBY ORDERED that Defendants' Motion for Leave to File Exhibit A to Defendants' Response to Plaintiff's Emergency Motion for Preliminary Injunction (ECF No. 144) Under Seal (ECF No. 150) is GRANTED.

IT IS FURTHER ORDERED that Exhibit A to Defendants' Response in Opposition to Plaintiff's Emergency Motion for Preliminary Injunction (ECF No. 149) shall remain sealed.

DATED this 15th day of November, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE