1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

DAVID A. HANO,

    Plaintiff,

    v.

STATE OF NEVADA, et.al.,

    Defendant.

Case No. 2:19-cv-02246-GMN-EJY

**ORDER**

Before the Court are Plaintiff's Motion for an Order of Contempt (ECF No. 187) and Motion for Leave to File Points and Authorities Supplementing Plaintiff's Motion for Contempt (ECF No. 192). Defendants filed a Response to Plaintiff's Motion for an Order of Contempt (ECF No. 190), and Plaintiff filed a Reply (ECF No. 191). No response was filed to Plaintiff's Motion seeking leave to file supplemental materials. The Court reviewed the filings and finds as follows.

**I.**    **Background**.

On November 13, 2020, the Court found "Plaintiff's heart condition is a serious medical need"; "Plaintiff has demonstrated a likelihood of success on the merits that Defendants were deliberately indifferent to Plaintiff's serious medical need by failing to timely refill his nitroglycerin"; and, "Plaintiff has demonstrated that he will suffer irreparable harm absent injunctive relief." ECF No. 34 at 7, 8, and 9. The Court ultimately granted, in part, Plaintiff's Motion for Preliminary Injunction and ordered Defendants to "provide Plaintiff with his nitroglycerin prescription within one week of a refill request." *Id*. at 10.

In his instant Motion seeking a contempt finding, Plaintiff alleges Defendants failed to comply with the Court's injunction and asks the Court for an order holding Defendants in civil contempt under Rule 70 of the Federal Rules of Civil Procedure. ECF No. 187 at 1. Plaintiff alleges he requested a refill of his nitroglycerin prescription on April 25, 2022, and as of the date of his May 3, 2022 filing, Defendants had not fulfilled his request. *Id.* at 3-4.

1    In response, Defendants argue they substantially complied with the Court's November 13,

2  2020 Order.  ECF No. 190 at 2.  Defendants allege the pill room did not receive Plaintiff's request

3  until Friday April 29, 2022, and that the pills were delivered to Plaintiff on the following Tuesday,

4  May 3, 2022.  *Id.*  Defendants assert they took all reasonable steps to comply with the Court's Order,

5  which precludes a finding of contempt.  *Id.  See Slovak v. Golf Course Villas Homeowners' Ass'n*,

6  Case No. 3:13-cv-00569-MMD-CLB, 2021 WL 6693760, at *2 (D. Nev. Dec. 3, 2021) ("Substantial

7  compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical

8  violations where every reasonable effort has been made to comply.").  Further, Defendants argue

9  Plaintiff fails to allege he was prejudiced by the delay, and therefore contempt is not warranted.  ECF

10  No. 190 at 3, *citing In re Cables & Accessories, Inc.*, 92 Fed. Appx. 435, 437, 2004 WL 259256, at

11  *2 (9th Cir. 2004) (holding court "did not abuse its discretion by refusing to hold [party] in civil

12  contempt" when the opposing party "suffered no prejudice").

13    In the Motion seeking to file supplemental materials, Plaintiff alleges delays in the delivery

14  of his Clopidogrel medication also prescribed to treat his heart condition.  ECF No. 192 at 1.  Plaintiff

15  states he requested the prescription be refilled on March 27, April 6, and May 14 of 2022, but did

16  not receive the medication until May 20.  *Id.*  Plaintiff alleges he had to undergo angioplasty on May

17  9, 2022 as a result of a build-up of platelets the Clopidogrel was designed to prevent.  *Id.* at 1-2.

18  **II.    Discussion**.

19    Under Federal Rule of Civil Procedure 70(e), the Court may hold a disobedient party in

20  contempt, an inherent power granted to the district court.  *Shillitani v. United States*, 384 U.S. 364,

21  370 (1966).  Civil contempt occurs when a party disobeys "a specific and definite court order by

22  failure to take all reasonable steps within the party's power to comply."  *In re Dual–Deck Video*

23  *Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).  However, "contempt must be

24  proved by clear and convincing evidence."  *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689

25  F.2d 885, 889 (9th Cir. 1982).  "There is no good faith exception to the requirement of obedience to

26  a court order.  But a person should not be held in contempt if his action appears to be based on a

27  good faith and reasonable interpretation of the court's order."  *In re Dual–Deck*, 10 F.3d at 695.

28

1        Here, the Court finds that Defendants violated its order because, by their own admission,

2   Defendants did not provide Plaintiff with his nitroglycerin prescription within one week of a refill

3   request.  ECF No. 190 at 2.  Nonetheless, the Court declines to hold Defendants in contempt as

4   Defendants did not fail "to take all reasonable steps within [their] power to comply."  *In re Dual–*

5   *Deck Video*, 10 F.3d at 695.  Defendants allege the medication was ordered the same day Plaintiff's

6   request was received (on April 29, 2022) and delivered to Plaintiff the day of its arrival on May 3,

7   2022.  ECF No. 192 at 2.  Given these circumstances, a finding of contempt is not appropriate.

8        With respect to Plaintiff's request for leave to supplement, the Motion asserts allegations that

9   are not subject to the Court's injunction.  That is, Plaintiff alleges Defendants delayed delivery of

10   Clopidogrel.  The November 13, 2020 Order Plaintiff cites as the basis for contempt was confined

11   to the instruction that "Defendants shall provide Plaintiff with his nitroglycerin prescription within

12   one week of a refill request."  ECF No. 34 at 10.  As such, Plaintiff's allegations regarding the

13   delayed delivery of Clopidogrel does not violate an underlying court order or injunction.

14        The above said, the Court is concerned about Plaintiff's allegations that Defendants failed to

15   timely and consistently deliver an alleged second medically necessary prescription despite Plaintiff's

16   repeated requests for refills.  ECF No. 192 at 1.  For this reason, the Court requires Defendants to

17   file a status report providing information regarding Plaintiff's Clopidogrel prescription, the dates on

18   which Plaintiff signed refill requests, the dates on which the refill requests were received, and the

19   dates on which the medication was delivered to Plaintiff.

20   **III.   Order**.

21        Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion for an Order of

22   Contempt (ECF No. 187) is DENIED.

23        IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Points and Authorities

24   Supplementing Plaintiff's Motion for Contempt (ECF No.192) is GRANTED to the extent it has

25   been considered by the Court.  However, the relief sought in that Motion is DENIED.

26

27

28

IT IS FURTHER ORDERED that Defendants must file a status report with the Court no later than **July 1, 2022** providing the Court with the information identified in the body of this Order regarding Plaintiff's Clopidogrel medication.   The status report **shall** be filed **under seal**, with a copy  mailed to Plaintiff.

Dated this 23rd day of June, 2022

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE