UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DAVID A. HANO,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, EX REL NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>Defendants. | Case No. 2:19-cv-02246-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Reconsider Magistrate Judge's Order. ECF No 196. The Court has considered the Motion, Plaintiff's Response (ECF No. 197), and Defendants' Reply. ECF No. 199.

**I.   BACKGROUND**

Plaintiff is an incarcerated person with a heart condition who, among other claims, has repeatedly alleged he does not timely receive medication prescribed for his condition. On June 23, 2022, the undersigned ordered Defendants to file a status report regarding Plaintiff's Clopidogrel prescription. ECF No. 194 at 4. On July 1, 2022, Defendants filed a Motion to Reconsider the Order arguing that the Second Amended Complaint ("SAC"), which Defendants contend is the operative complaint, makes no mention of Clopidogrel. Defendants argue the Court cannot "grant any relief with respect to Clopidogrel." Defendants cite *Woodford v. Ngo* for the proposition that inmates are required to "exhaust administrative remedies" before they may seek relief in federal court. 548 U.S. 81, 90-91 (2006).

Unresolved in this action is Defendants' previous Objection to Magistrate Judge's Order regarding Plaintiff's SAC. ECF No. 177. On February 22, 2022, Plaintiff filed a Motion to Withdraw the SAC, ECF No. 174, which the Court granted ordering the First Amended Complaint ("FAC") operative. ECF No. 177 at 1. Defendants filed an Objection to the Order on March 8, 2022. ECF No. 178. Defendants claim that the SAC is the operative complaint for this proceeding. *Id.* at 9. Defendants' Objection is pending.

## II. DISCUSSION

In *Woodford*, the Supreme Court explained that exhaustion requires complying with a prison's "critical procedural rules" that is justified by the need to "impos[e] some orderly structure on the course of its proceedings." 548 U.S. at, 90-91. Where inmates take reasonably appropriate steps to exhaust, but are precluded from doing so by a prison's erroneous failure to process the grievance, courts have deemed the exhaustion requirement satisfied. *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017); *Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) ("If prison officials screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary sequence of appeals, and administrative remedies are therefore plainly unavailable."). *See also Fordley v. Lizarraga*, 18 F.4th 344, 352 (9th Cir. 2021). Where no administrative relief is available, requiring exhaustion contradicts the PLRA's purpose and it is not required. *See Andres*, 867 F.3d at 1079.

Here, Plaintiff's FAC alleges he filed a kite for a variety of medications, including Clopidogrel, on October 25, 2019. ECF No. 24-1 at 17. He later alleges he filed an emergency grievance, informal grievance, first-level grievance, and second-level grievance. *Id.* According to Nevada Department of Corrections Administrative Regulation 740, these appear to be the steps required to fully exhaust administrative procedure and therefore, based on the content of the FAC, Plaintiff met the burden established in *Woodford*. 548 U.S. at 90-91. As Defendants contend, this burden is not met in the SAC as Plaintiff included the drug among a list of medications not administered, but did not indicate any attempts to use administrative procedures to rectify a problem with obtaining the drug. ECF No. 117. As such, Plaintiff fails to meet the administrative exhaustion requirement. *Woodford*, 548 U.S. at 90-91. Plaintiff's Reply to Defendants' Motion is based upon the FAC and does not address the shortcomings in the SAC. ECF No. 197.

Which of Plaintiff's Complaints is the operative complaint in this case is an issue that remains outstanding. Thus, the undersigned is not able to determine whether Plaintiff exhausted administrative procedures and, thus, whether the Court's June 23, 2022 Order regarding Clopidogrel should be reconsidered. However, the Court notes it has *sua sponte* power to stay reconsideration of its prior order as presented in the instant Motion. The inherent power of the Court to control its

docket includes the power to do so in the interest of judicial economy. *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash., 2017) *citing Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "Every court has the inherent power to stay causes on its docket with a view to avoiding duplicative litigation, inconsistent results, and waste of time and effort by itself, the litigants and counsel." *Stern v. United States*, 563 F. Supp. 484, 489 (D. Nev. 1983) (citations omitted).

The Court finds that determining whether Plaintiff's FAC or SAC is operative in this matter is necessary proceedings before a decision on the Motion for Reconsideration can be issued. Given this circumstance, reaching a decision based on the content of either Complaint could lead to an erroneous result that will only further complicate this dispute. The best interest of the Court and the litigants is served through staying the Court's Order regarding Clopidogrel (ECF No. 194) until such a decision is reached on the pending Objection regarding which is the operative Complaint.

### III.  ORDER

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Reconsider Magistrate Judge's Order (ECF No. 196) is GRANTED to the extent that the Court STAYS the duty to comply with its Order in ECF No. 194 until such time as there is a ruling on the issue of which of Plaintiff's Complaints is the operative complaint in this matter.

Dated this 29th day of July, 2022

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE