# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DAVID HANO,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

Case No.: 2:19-cv-02246-GMN-EJY

**ORDER**

      Pending before the Court is the Objection/Appeal to a Magistrate Judge Order, (ECF No. 172), filed by Defendants Jeremy Bean, Gregory Bryan, John Faulkner, Cornelius Finley, Julie Matousek, Michael Minev, Gary Piccinini, Arianna Rhynard, Jonathan Weber, and Brian Williams (collectively, "Defendants"). Pro se Plaintiff David Hano ("Plaintiff") filed a Response, (ECF No. 173). Also pending before the Court is Defendants' second Objection/Appeal to a Magistrate Judge Order, (ECF No. 178). Plaintiff filed a Response, (ECF No. 182).

      On January 31, 2022, the Magistrate Judge entered an order requiring pro bono counsel, once appointed, to decide whether to proceed on Plaintiff's Second Amended Complaint ("SAC") or revert back to his First Amended Complaint ("FAC"). (*See* Order 1:14–17, ECF No. 171). Defendants filed their first Objection, (ECF No. 172), arguing that Plaintiff cannot revert back to the FAC because the SAC superseded it. (*See* Obj. 4:15–5:4, ECF No. 172).

      On February 22, 2022, before pro bono counsel was appointed, Plaintiff himself filed a Motion to Withdraw, (ECF No. 174), which asked the Court to withdraw the SAC and allow him to instead proceed on the FAC. (*See generally* Mot. Withdraw, ECF No. 174). The Magistrate Judge granted this Motion on March 2, 2022, only eight days after it was filed and before Defendants had a chance to file their response. *See* LR 7-2(b) ("For all [motions besides

motions for summary judgment] the deadline to file and serve any points and authorities in response to the motion is 14 days after service of the motion."). Defendants filed their second Objection, (ECF No. 178), arguing again that a complaint cannot be reinstated once it has been superseded by an amended complaint. (Obj. 5:19–9:5, ECF No. 178) ("While Plaintiff is free to move for 'this Court to reject the [SAC],' the result is voluntary dismissal, not resurrection of a prior complaint."). Because the Magistrate Judge granted Plaintiff's Motion to Withdraw before Defendants had a chance to respond, Defendants' Objection, (ECF No. 178), is granted to the extent that the Magistrate Judge's Order at ECF No. 177 is vacated and remanded for a full briefing schedule and a consideration of whether the FAC may be reinstated. Further, Defendants' Objection, (ECF No. 172), is granted to the extent that the portion of the Magistrate Judge's Order at ECF No. 171 allowing pro bono counsel, if appointed, to proceed on the FAC is vacated and remanded for a decision consistent with the Magistrate Judge's findings with regards to the Court's ability reinstate the FAC.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Objection, (ECF No. 172), is **GRANTED in part and DENIED in part** to the extent consistent with this Order.

**IT IS FURTHER ORDERED** that Defendants' Objection, (ECF No. 178), is **GRANTED in part and DENIED in part** to the extent consistent with this Order.

**IT IS FURTHER ORDERED** that the Court's Order, (ECF No. 171), is **VACATED in part**, to the extent consistent with this Order.

**IT IS FURTHER ORDERED** that the Court's Order, (ECF No. 177) is **VACATED**.

DATED this ___6___ day of August, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT